UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

CHARLENE M.Y.,

                             Plaintiff,                    20 Civ. 8976 (PAE) (GRJ)

             -v-

COMMISSIONER OF SOCIAL SECURITY,                ORDER

                            Defendant.

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Charlene M.Y., brings this action under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying M.Y. Supplemental Security Income under the Social Security Act. Before the Court is the February 14, 2022 Report and Recommendation of the Hon. Gary R. Jones, United States Magistrate Judge, recommending that M.Y.'s motion for judgment on the pleadings be granted, and remanding for further administrative proceedings. Dkt. 30 (the "Report"). For the following reasons, the Court adopts the Report in full.

## DISCUSSION

      "A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation omitted); *see also* 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (citation omitted).

      In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Because neither M.Y. nor the Commissioner has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Jones's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. The Report explicitly states that failure to object within fourteen days will result in a waiver of objections and will preclude appellate review. Report at 21. Accordingly, the failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the reasons articulated in the Report, the Court grants M.Y.'s motion for judgment on the pleadings, and remands this case for further administrative proceedings. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 18, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: March 2, 2022
New York, New York